STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-031
GAL -YOR- 5/3/2007

J & L SAND, INC.,

        Plaintiff

v.

TOWN OF LYMAN,

        Defendant

**ORDER**

This matter comes before the Court on J&L Sand's 80B appeal of administrative action taken by the Town of Lyman. Following hearing, the appeal is Denied.

## BACKGROUND

Plaintiff J&L Sand, Inc. ("Sand") is a Maine corporation which operates a mineral extraction business in the Town of Lyman. Defendant Town of Lyman ("the Town") is a municipality in York County. In 2001, Sand applied for and received a conditional use permit for its mineral extraction business. The Lyman Planning Board approved changes to its permit in September 2002, including hours of operation from 7:00 a.m. to 4:00 p.m. on Saturdays. As a condition of approval, Sand was to provide the Board with confirmation from a financial institution that it was able to comply with the approval terms, which it did. The permit was expressly limited to three years; Sand would need to reapply within ninety days of the permit's expiration in September 2005.

In November 2005, the Town adopted a new zoning ordinance that repealed and replaced the prior version, which was originally enacted in 1976. The new ordinance provides that mineral extraction operations no longer need a conditional use permit; instead, they must apply for site plan approval. Existing operations may continue until

expiration of their permits, but, in order to continue operation, the businesses must reapply as specified in the ordinance. Sand timely reapplied in 2005 and continued its operations until evaluation of its application.

On April 5, 2006, the Planning Board reviewed Sand's application for renewal and approved it for mineral extraction activities, but added two conditions to its approval. The Board reduced Saturday hours of operation from 9:00 a.m. to 4:00 p.m. to 9:00 a.m. to 12:00 p.m. Additionally, the Board altered the financial security requirement to require a $5,000 escrow account to insure compliance with conditions. Sand appealed that decision to the Town's Zoning Board of Appeals ("ZBA") on May 3, 2006, contending that the Board could not add conditions for renewal applications, especially where there had been no complaints. The ZBA held a public hearing on May 24, 2006, after which it issued its findings of fact and conclusions of law, rejecting Sand's appeal and endorsing the extra conditions. Sand filed its 80B appeal in this Court on June 23, 2006, arguing that the Board and ZBA erred as a matter of law by imposing additional conditions on Sand's permit. It argues that this decision was an error of law, arbitrary and capricious, and unsupported by substantial evidence in the record. The Town contends that the ZBA's decision should be affirmed because it had the authority to add conditions under the new ordinance, which applies to all mineral extraction operations, including Sand's.

## DISCUSSION

1. Standard of Review.

The party appealing a board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996). Review of board findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558. A municipal

board's interpretation of a zoning ordinance, however, is a legal question entitled to de novo review. *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 11, 870 A.2d 107, 110. The operative decision for this Court's review is the underlying planning board decision when the ZBA has simply acted in an appellate capacity rather than as a "tribunal of original jurisdiction." *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 7, 868 A.2d 161, 163-164.

## 2. Did the Planning Board Err As A Matter of Law By Adding Conditions for Renewal of Sand's Permit?

In this case, the ZBA engaged in appellate review of the Planning Board's decision rather than undertaking a de novo review. The Lyman ordinance only required the ZBA to evaluate whether the Board made a procedural error or acted in a manner that was "clearly contrary" to the ordinance. Town of Lyman Zoning Ordinance § 9.7.[1] Therefore, the operative decision for this Court to review is the Planning Board's approval with the two new conditions. At issue is the Board's interpretation of the Town's zoning ordinance pertaining to "existing operations" such as Sand's. Town Ordinance § 10.8.3(N) provides as follows:

> Existing Operations: Any operation involving excavation, processing, or storage of soil, earth, loam, sand, gravel, rock, or other mineral deposits in lawful operation at the time this Ordinance becomes effective may operate under the existing conditions of their Planning Board approval. The owner/ operator must submit a complete renewal application within ninety (90) days of the expiration date of the existing approval in order to continue to operate.

Also, §10.8.3(M) states that "[n]o approval shall be issued for a period to exceed three (3) years, although such approvals may be renewed for additional periods in the same manner." Sand contends that the Board misconstrued these provisions by adding conditions rather than allowing them to operate under the existing conditions of their

---

[1] The Law Court has stated that an appellate board should undertake a de novo review unless an ordinance limits review, as it does in this case. *See Gensheimer*, 2005 ME 22, ¶ 8, 868 A.2d at 164.

conditional use permit, in which they have "vested rights."[2] The Town, however, argues that these sections do not prevent it from adding further requirements. The Town accommodates businesses operating prior to enactment of the 2005 ordinance by allowing them to continue as they had been, until their permits are due to be renewed. At that point, they would have to reapply just like a new business applying for the first time, according to the Town.

The new ordinance, as enacted in 2005, revises Town policy pertaining to mineral extraction businesses. Now, rather than a conditional use permit, all extraction operations must obtain site plan review when they apply for approval to the Town, with the exception of those with extremely limited activities. Ordinance §10.8.2. Reviewing the plain language of this provision, it makes no exception for businesses that operated before the ordinance changed. §10.8.3(N) simply allows existing operations to continue without making changes until they are due to reapply. Nothing in the ordinance prevents the Town from adding the optional conditions listed in § 10.8.3(L) at renewal time. In fact, both new and existing extraction operations must complete an entire site plan review application, demonstrating that, from a practical standpoint, the Town draws no distinction between repeat and first-time applicants. Such a distinction would only be drawn for an operation that was between applications at the time that the new ordinance went into effect. Although submitted earlier, Sand's application was not evaluated until April 2006, well after the November 2, 2005 effective date.[3]

---

[2] Sand cannot have a vested property interest in a permit that, by its nature, is subject to reapproval every three years.

[3] Even if the prior 1976 ordinance applied to Sand, there is no limiting language in that ordinance barring the Town from adding new conditions for reapplicants.

4

Nevertheless, Sand makes a policy argument that there is a difference between new and existing businesses, and that the Town should not be able to impose additional conditions upon renewal applicants. Sand refers to § 3.1.1 of the Ordinance, which states that lawful use occurring when the ordinance was adopted or changed can continue even if it is nonconforming. The Town argues, however, that it should be able to adapt to changing conditions at sites like Sand's. It contends that its authority to do so would be severely hampered if it could never require older businesses to abide by new rules. Indeed, when evaluating Sand's application, the Planning Board noted that all other mineral extraction businesses likewise had been required to adhere to new conditions, and that it needed to make extraction operations more uniform. The Town contends that Sand's remedy would have been to participate in the public hearings at which proposed changes to the ordinance were evaluated.

Reading § 3.1.1 in conjunction with § 10.8.3(N), the two provisions are consistent in that both provide for nonconforming uses so that businesses operating under an old version of the ordinance may continue under the same conditions. § 3.1.1 does not, however, state that nonconforming uses may continue indefinitely, or that the Town cannot make uses conform when an applicant proceeds to site plan review, which must occur every three years. As a part of site plan review, the Town has the discretion to apply any of the optional conditions in § 10.8.3(L), including changed hours or an escrow account, to its approval of an application, whether it is a renewal or a new application. Basing that decision on uniformity for mineral extractors did not violate the ordinance, which does not require complaints to occur before changes can be made or enforced. It cannot be said that the Board committed legal error by requiring Sand to adhere to new conditions as part of the amended approval process.

5

## CONCLUSION

The appeal is Denied and the Board's decision is affirmed.

Dated: May 9 , 2007

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
WILLIAM S KANY ESQ
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME   04072

DEFENDANT:
WILLIAM H DALE ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112-4510

6